**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WELMER DE JESUS RAMIREZ-RAMIREZ, <br><br>               Petitioner, <br><br>   v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br>               Respondent. | No. 12-71123 <br><br> Agency No. A200-694-530 <br><br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 10, 2015[**]

Before:     FARRIS, WARDLAW, and PAEZ, Circuit Judges.

Welmer de Jesus Ramirez-Ramirez, a native and citizen of Guatemala,

petitions pro se for review of the Board of Immigration Appeals' ("BIA") order

dismissing his appeal from an immigration judge's decision denying his motion to

reopen removal proceedings. Our jurisdiction is governed by 8 U.S.C. § 1252. We

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

review for abuse of discretion the denial of a motion to reopen. *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010). We dismiss in part and deny in part the petition for review.

Our review is limited to the administrative record, and thus we do not consider materials attached to petitioner's opening brief that were not part of the record before the agency. *See Fisher v. INS*, 79 F.3d 955, 963 (9th Cir. 1996) (en banc).

We lack jurisdiction to consider Ramirez-Ramirez's unexhausted contentions in his opening brief regarding the potential merits of his asylum claim. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004) (court lacks jurisdiction to consider issues that have not been administratively exhausted).

Finally, the BIA did not abuse its discretion by denying Ramirez-Ramirez's timely motion to reopen based on his new application for asylum or based on evidence of his father's asylum application. *See* 8 C.F.R. § 1003.23(b)(3) ("A motion to reopen for the purpose of providing the alien an opportunity to apply for any form of discretionary relief will not be granted . . . unless the relief is sought on the basis of circumstances that have arisen subsequent to the hearing.").

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**